WILLIAM DOUGHERTY, relator, *vs.* ROBERT D. HARVEY, Judge of the Rome Circuit.

Application for *mandamus.* Writ of error to dissolution of injunction. Before the Supreme Court of Georgia. January Term, 1872.

For the facts of this case, see the decision.

WILLIAM DOUGHERTY, for the application.

McCAY, Judge.

Mr. Dougherty had filed an affidavit and made a motion to reduce the amount due on a judgment held by Mr. Yancey against him, under the Act of 1868. Pending the motion, he obtained an injunction against any proceedings, to sell under the execution, alleging that the sheriff was about to proceed in defiance of his affidavit. The bill also set up some

additional equities not covered by the affidavit. On the calling of the motion to reduce the judgment, the Court dismissed it on demurrer, and subsequently, during the term, on motion, dissolved the injunction. Whereupon, Mr. Dougherty filed his bill of exceptions to the judgment dismissing the motion, and to the order dissolving the injunction. Judge Harvey, while perfectly willing to sign and certify the bill of exceptions to the judgment dismissing the motion, declined to sign and certify that part of the bill presented which objected to and assigned error upon his judgment dissolving the injunction, on the ground that the bill of exceptions had not been presented to him within fifteen days after the judgment dissolving the injunction was rendered, and Mr. Dougherty files his petition to this Court for a *mandamus*.

The Judge of the Rome Circuit, having in his certificate attached to the original bill of exceptions and presented with the petition for *mandamus* to this Court, stated as his reason for failing to certify and sign the same, that he had previously, and under the Act of October 29th, 1870, signed and certified a bill of exceptions to his judgment, dissolving the injunction, and he having also, in said certificate, indicated that his only objection to the signing and certifying, as asked for, was the question of law as to whether a bill of exceptions to the judgment dissolving an injunction *can* be presented later than fifteen days after the day of the judgment, this Court is of opinion that a *mandamus nisi* is not necessary in this case.

And, as from the record before us, and the bill of exceptions, this Court is not clear that the dissolution complained of was not a final disposition of the cause, so far as the injunction is concerned, that the motion to dismiss the illegality, and the order dissolving the injunction are so connected that they in fact form but one proceeding; it is the opinion of this Court, and we so order, that Judge Harvey sign and certify the bill of exceptions, as asked for, that the parties may be heard on

Dougherty *vs.* Harvey.

the questions made therein, as claimed by the plaintiff in error, before this Court; *provided,* that nothing in this order shall be taken to bar the defendants in error from making before this Court on the hearing such questions in the premises, whether growing out of the record or out of the previous bill of exceptions, alluded to by Judge Harvey, in his certificate, as they might have done, had this order and direction not have been made.