## PITTS, relator, *vs.* HALL, Judge, respondent.

1. Generally a *mandamus absolute* will not be granted by this court to compel the judge of the superior court to certify a bill of exceptions, but the application must be for a *mandamus nisi*, under section 4258 of the Code; and the exception made in 45 *Ga.*, 618, will not be extended beyond what the letter of that case covers.
2. When it appears from the bill of exceptions sought to be certified, that there was no error in the ruling to be corrected if brought to this court, as the grant of the writ of *mandamus* is always in the discretion of the court, and as the bill of exceptions, if certified, would do the plaintiff in error no practical service, even if the application had been regular, it would have been denied.

*Mandamns.* Practice in the Supreme Court. January Term, 1878.

Reported in the opinion.

EMMETT WOMACK, for petitioner.

No appearance *contra.*

JACKSON, Judge.

1. This application is for a *mandamus absolute* against Judge Hall to certify a bill of exceptions. It should have been an application for a *mandamus nisi.* Code, §4258.

In one case in 45 *Ga.*, 618—*Dougherty vs. Harvey*—the *mandamus nisi* was dispensed with; but that was where but one single question was made, and the judge was perfectly willing to sign the bill of exceptions, if his doubt on a single question of law in respect to the sole question whether a bill of exceptions to the judgment dissolving an injunction could be presented later than fifteen days after the day of the judgment, were removed.

The Code is explicit, and we are not inclined to extend the principle ruled as an exception in that case to any not fully covered by it. In this case there is no evidence on the papers of notice or by affidavit of notice to Judge Hall, or to the solicitor general, and it is a case where the party was indicted and sentenced, and seeks to be relieved of it by *habeas corpus.* We hold that the *mandamus nisi* should be applied for; and regular notices to the judge and the state's counsel ought to appear. Nobody was present to represent either.

2. But in looking into the case made by the bill of exceptions, we do not see that it could benefit the defendant if brought before us.

He was tried in the county court and sentenced; he carried the judgment to the superior court, where it was af-

firmed; he brought it here, the writ of error was dismissed and judgment affirmed; the county court was abolished, but its business turned over to the superior court by the act of 1877, p. 64; that court ordered the sentence executed by an order entered on its minutes, signed by the solicitor general, but by order of the court, and the minutes regularly signed by the judge. .

Under these facts, it is an attempt to review a second time a judgment of the county court, of the superior court, and of this court. It cannot be done. There must be an end of litigation, and the sentence of a court of competent jurisdiction must be enforced.

The case is covered by the case of *Harris vs. The State.* 2 *Kelly,* 290, 293, 294.

The ordinary undertook to turn out the defendant by writ of *habeas corpus,* the superior court reversed the ordinary on *certiorari,* and this is the judgment sought to be corrected. The ordinary had no right to interfere with the sentence of the superior court. Code, §4023. The process was lawful, and it would be dangerous to let such a court, or any court, interfere with the sentence of any other court superior to itself.

This court is constitutionally empowered to correct the errors, if any, of the superior courts; the ordinary has no such authority by *habeas corpus* or otherwise.

*Mandamus* denied.