CARHART *vs.* REVIERE, sheriff, *et al.*\*

Where land is sold, pa .t of the purchase money paid cash, and notes given for the balance, if these notes be transferred without indorsement or guaranty, the purchaser's equity in the land becomes complete as against this vendor; the land is subject to levy and sale at the instance of any other creditor; and the purchaser of the notes who takes them by mere delivery is nothing more than an ordinary creditor, and is not entitled to be first paid from the proceeds of the land, under §3586 of the code.

January 25, 1887.

Vendor and Purchaser. Liens. Purchase Money. Before Judge WILLIS. Crawford Superior Court. March Term, 1886.

Reported in the decision.

LOFTON & MOORE, for plaintiff in error.

A. C. RILEY; R. D. SMITH; O. P. WRIGHT; W. E. COLLIER, for defendants.

BLANDFORD, Justice.

Hartman sold Carter a certain tract of land. Carter paid a part of the purchase money and gave his negotiable promissory notes to Hartman for the balance, and Hartman executed to Carter a bond to make titles when the notes were paid. Hartman transferred the notes to Turner by delivery, without endorsement or guaranty. Mrs. Carter and others obtained judgments against Carter, and subsequently Turner obtained judgments on the notes given for the purchase price of the land, against Carter. The land was levied on and sold. The money arising from the sale being in the hands of the sheriff, and upon a rule brought against that officer to distribute the money, the court held and decided that the money be paid to Turner in satisfaction of his judgments and *fi. fas.* obtained on

---

\*JACKSON, C. J., did not preside in this case, on account of providential cause.

the notes given for the land to Hartman by Carter and transferred by Hartman to Turner; and this is the judgment excepted to and upon which error is assigned.

We think that this case is determined by the decision in the case of *Neal vs. Murphey & Co.* 60 *Ga.* 389. In that case it was held, " If the note was transferred without indorsement or guaranty, the defendant's equity in the land became complete as against his vendor." And 19 *Ga.* 457; 32 *Id.* 417. " The result would be that the land would be subject to levy and sale, at the instance of any creditor other than the vendor." It is insisted by defendant in error that section 3586 of the code justifies and required the order of the court below in this case, but we think not. Under that section, when part of the purchase money has been paid, and the vendor holds the notes for the unpaid purchase money, then the whole interest in the land may be sold and the proceeds shall first be applied to the payment of the balance of the purchase money. When the purchase money notes have been sold by the vendor to another, without guaranty or conveyance of the land to the purchaser by the vendor, the equity of the defendant is complete; that is, it is his land, and the purchaser of the notes is nothing more than an ordinary creditor, and the notes lose their character of purchase money so as to be entitled to prepayment under section 3586 of the code. So we think the court erred in deciding that the money should be first applied to the payment of Turner's *fi. fas.*, to the exclusion of the older judgments.

Judgment reversed.