HUNT vs. HARBOR.

Where a promissory note for the purchase money of land, was transferred by the payee to a third party, without an indorsement or

guaranty of payment by such payee, the purchase money was paid. The payee of the note no longer, as vendor of the land, had any claim of priority for the purchase money, and the transferee of the note did not acquire by such transfer the priority given the vendor for purchase money by section 3583 of the code. When, therefore, the transferee sued the note to judgment in attachment, having previously sued out attachment for purchase money against the land, he got only an ordinary judgment, although the judgment itself declared it to be a first lien on the land.

May 11, 1888.

Judgments. Liens. Purchase money. Before Judge FAIN. Gordon superior court. August term, 1887.

Reported in the decision.

DABNEY & FOUCHE' and W. J. CANTRELL & SON, for plaintiff in error.

E. J. KIKER, *contra.*

SIMMONS, Justice.

J. A. Williams, on July 23d, 1868, made and executed a promissory note to D. R. Mays, trustee, or bearer, for the sum of $1,000, for a certain tract of land in Gordon county. Mays made and executed a bond for titles to Williams, stipulating to make titles to the land on payment of the purchase money. This note was transferred by Mays to Harbor, without any indorsement or guaranty thereon by Mays. Several payments were made on the note by Williams to Harbor. On the 3d day of August, 1886, Harbor sued out an attachment against Williams for the balance due on the note for purchase money, Mays having previously, to-wit, on 2d day of August, 1886, filed in the clerk's office a deed to Williams to the land. This attachment was made returnable to the superior court of Gordon county. He filed his declaration in attachment in the superior court to the first term thereof, and alleged a balance to be due on the note of $279.04, besides interest. He

alleged that he commenced the suit by attachment against the land, and prayed judgment against the land, and that the proceeds arising from the sale of the land be applied to the satisfaction and payment of his debt for the purchase money. At the March term, 1887, of Gordon superior court, judgment was entered in favor of the plaintiff against the defendant, and specially against this lot of land, in which it was directed that this land be levied on, and that the plaintiffs have a first lien thereon for the balance of the purchase money. Execution issued on this judgment, which was levied on the land, and the land was sold by the sheriff. Before this judgment was obtained by Harbor against the land, to wit, in 1874, and before the deed was filed by Mays to Williams, one Hunt had obtained a judgment against Williams, which judgment has been kept alive by proper entries. When the land was sold by the sheriff under the judgment for the purchase money, Hunt placed his *fi. fa.* in the hands of the sheriff and claimed the money. The sheriff declined to pay it to Hunt: whereupon Hunt brought a rule against the sheriff, claiming that he was entitled to the money on his *fi. fa.* in preference to Harbor. The case was submitted to the judge without the intervention of a jury, and the judge held that Harbor was entitled to be paid before Hunt, although Hunt's judgment was older; that Harbor's judgment, being for the purchase money of the land, was entitled to preference over Hunt's. So it will be seen that the only question for us to determine is whether, under the facts of the case, the court committed error in deciding that Harbor was entitled to be paid in preference to Hunt, because Harbor's judgment was for the purchase money of the land.

It will be remembered, from the recital of the above facts, that when Mays transferred this note to Harbor, he did not endorse it or guarantee the payment thereof. When, therefore, he transferred this note without endorsement, or without guaranteeing the payment of it, the pur-

chase money due Mays for the land was paid. He no longer, as vendor of the land, had any claim of priority upon the land for the purchase money. Transferring the note to Harbor without endorsement or guaranty did not transfer the priority given him as vendor by the code, §3586, for the purchase money. When, therefore, Harbor sued the note thus transferred to him to judgment, he only got an ordinary judgment, which only bound this land from the date thereof, although the judgment itself declared it to be a first lien on the land. In the case of *Carhart vs. Reviere, sheriff, et al.*, decided by this court January 25th, 1887, and reported in 78 *Ga.* 173, BLAND-FORD, J., said: "It is insisted by defendant in error that section 3586 of the code justifies and required the order of the court below in this case; but we think not. Under that section, when part of the purchase money has been paid, and the vendor holds the notes for the unpaid purchase money, then the whole interest in the land may be sold, and the proceeds shall first be applied to the payment of the balance of the purchase money. When the purchase money notes have been sold by the vendor to another, without guaranty or conveyance of the land to the purchaser by the vendor, the equity of the defendant is complete; that is, it is his land, and the purchaser of the notes is nothing more than an ordinary creditor, and the notes lose their character of purchase money so as to be entitled to prepayment under section 3586 of the code."

For these reasons, we think the court below erred; and the judgment is reversed.