## GOULD v. BANK OF STATESBORO.

Under section 4539 of the Civil Code, any creditor holding and owning a promissory note given for the purchase of personal property, may, though not the original payee of the note and though he acquired

title thereto by delivery only, sue out and maintain a purchase-money attachment against the maker, if the latter is in possession of the property for the purchase of which the note was given.

Submitted May 23, — Decided July 19, 1898.

Certiorari.    Before Judge Gamble.    Bulloch superior court. November term, 1897.

A promissory note of Catherine Gould to James Gould, for the purchase-money of a mule, was transferred by James Gould to Blitch, by delivery only, and in like manner by Blitch to the Bank of Statesboro, which subsequently brought in a justice's court, against Catherine Gould, a suit by attachment for purchase-money, based upon the note, the attachment being levied upon the mule, which was then in the possession of the defendant.    The case was dismissed in the justice's court, on the motion of the defendant, upon the ground that the lien for purchase-money had been lost by transfer of the note without indorsement or guarantee of payment by the original payee.    A petition for certiorari, alleging error in this ruling, was sustained, and the defendant excepted.

*Cason & Everitt,* for plaintiff in error.
*Groover & Johnston,* contra.

LITTLE, J.    The only question made by the record in this case is, whether the holder of a note given for the purchase-price of personal property, other than the payee, has a right to the process of attachment against the property.    No restriction seems to be made in the code, which gives the remedy by attachment to recover the purchase-money.    Civil Code, § 4539.    All that seems to be required is, that the relation of debtor and creditor shall exist, that the debt is created by the purchase of property, that the debt shall be due, and that the debtor is in possession of the property, or some part of it; these facts concurring, the right to attach the property purchased, by the plain words of the statute, seems to exist.    We know of no law which restricts this remedy to an original payee, and no good reason why it should be so.    The right to collect a note given for purchase-money by attachment of the purchased property is not afforded to protect the payee alone, but to protect the collection

of the purchase-price as well; and to the maker it can make no difference who holds the note, nor who has the process issued. Such process would be just as effectual when issued in one name as in another; the property is simply liable by attachment for its purchase-price under the terms and conditions of the code on this subject.   Counsel for plaintiff in error cites us to the case of *Hunt* v. *Harbor,* 80 *Ga.* 746, as authority for the position which he takes, that, when a promissory note for the purchase-money of property is transferred without indorsement, the purchase-money is paid.   There are a number of cases in our reports, besides the one cited, which seem to rule this principle, to which we will call attention in their order.   It may be here said that all of the cases so ruling, so far as we have examined them, except one which will hereafter be noticed, refer to promissory notes given for the purchase-money of land, where the title was reserved in the vendor; and we can well see how, when the question turns upon the consideration of title, or the equity of the vendee, where the title was reserved in his vendor to secure payment of the notes, no lien may be declared to exist in favor of one who becomes the owner of the notes, and who is yet a stranger to the title.   The liens referred to have been created by statute, and all of the adjudicated cases to which we shall presently refer are based on the statute, and the rulings made are interpretations of the statute when applied to particular facts.   Briefly summarized, the statute gives a first lien to the judgment rendered for the purchase-money of land, where the vendor has reserved title and afterwards files and records a deed to the vendee for the purposes of sale.   Code of 1882, § 3654; Civil Code, § 2788.   To secure such lien, the vendor, or if dead, his representative, must put the title in the vendee for the purpose of enforcing the lien.   Other than this, no lien for purchase-money exists by operation of law.   We have said this much in order that, when the cases adjudicating the status of notes given for the purchase-money of land are examined, it may be understood that the rulings are made to establish when such purchase-money notes are entitled to the lien, and that they have not been made with a view of determining what are purchase-money notes.

The first of our adjudicated cases which bears on the subject is that of *Tompkins* v. *Williams,* 19 *Ga.* 569. There Williams, an owner of land, sold the same to Dobson, received notes of the latter for the purchase-money, and made Dobson a bond for title. Dobson sold the land to Tompkins, who paid the purchase-money to Dobson and took a bond for title from him, and an assignment of the bond from Williams to Dobson. Williams afterwards transferred the notes of Dobson, without indorsement, to Porter, and subsequently sued Tompkins for the land. The question was, could Williams maintain his action? This court held he could not, saying through Lumpkin, Judge: "He only held the legal title to secure the notes; and he had parted with the notes for value, and upon terms which exonerated him from all responsibility." The court then held that Williams could not maintain the action, but intimated that Porter could compel Williams to convey title to him (Porter) in order that he might do so. The case of *McGregor* v. *Matthis,* 32 *Ga.* 417, rules the same principle, on the authority of *Tompkins* v. *Williams.* In the case of *Neal* v. *Murphey & Co.,* 60 *Ga.* 388, a vendor of land received a part of the purchase-money and a negotiable note for the balance, and transferred the note for value, and without indorsement. The holder, who sued the note to judgment and levied on the land, was met by the claim of a purchaser from the vendee. This court held that the question whether the land is subject or not, without a deed having been made by the first vendor and delivered or filed under the code, depends on whether or not the defendant's title passed to the claimant before the judgment was rendered, and that on the transfer of the note without indorsement the vendee's equity in the land became complete as against his vendor ; citing 19 and 32 *Ga.,* supra. The next case is that of *Carhart* v. *Reviere,* 78 *Ga.* 173. The same principle, under a similar state of facts, was ruled as in the case of *Neal* v. *Murphey,* supra. In delivering the opinion of the court in that case, Blandford, J., says : "When the purchase-money notes have been sold by the vendor to another without guaranty or conveyance of the land to the purchaser by the vendor, the equity of the defendant is complete ; that is, it is his land, and the purchaser of the notes

is nothing more than an ordinary creditor, and the notes lose their character of purchase-money so as to be entitled to pre-payment under section 3586 of the Code" (1882). The next case is that of *Hunt* v. *Harbor*, supra. There Williams made a promissory note to Mays for the purchase-price of land. Mays executed his bond for title to Williams, stipulating to make title on payment of the purchase-money. This note was transferred by Mays to Harbor without any indorsement or guaranty. Subsequently Harbor sued out an attachment against Williams for balance due on the note, and in his petition prayed judgment against the land. Before this judgment was obtained, a prior judgment had been rendered against Williams in favor of Hunt. When the land was sold under the judgment for purchase-money, Hunt claimed the proceeds; and the question decided in that case was, whether, under these facts, Harbor was entitled to be paid in preference to Hunt, because Harbor's judgment was for the purchase-money. In delivering the opinion in that case, Simmons, Justice, said: "When Mays transferred this note without indorsement, or without guaranteeing the payment of it, the purchase-money due Mays for the land was paid. He no longer, as vendor of the land, had any claim of priority upon the land for the purchase-money. Transferring the note to Harbor without indorsement or guaranty did not transfer the priority given him as vendor by the code, § 3586, for the purchase-money. When, therefore, Harbor sued the note thus transferred to him to judgment, he only got an ordinary judgment, which only bound this land from the date thereof, although the judgment itself declared it to be a first lien on the land." It will be noted, in that case, that the question of the lien acquired by the levy of the attachment under the provisions of section 4539 of the Civil Code, was not involved, but simply the question as to whether the lien allowed by section 2788 to vendors of land, where titles have not been made but bond for titles given, would enure in favor of the transferee of a note given for the purchase-money of the land, such transferee taking the note without indorsement or guarantee of payment by the payee, and without any conveyance of title to the land to him. It appears that in August, 1886, Har-

bor sued out an attachment against Williams for the balance· due on the note, while it appears that the judgment in favor of Hunt against Williams was obtained in 1874 and kept alive by proper entries.   It is therefore apparent that the lien contem-- plated by section 4539, which is allowed to attach only from the date of the levy of the attachment, was not.involved, nor· were Harbor's rights under that section passed upon; for Hunt's judgment having been rendered long before the levy of· the attachment, the lien thereof would necessarily take prece-- dence over the lien acquired under that section.

The next, and the only case in which personal property was· involved, is that of *Farrar* v. *Brackett,* 86 *Ga.* 463, which was a case where title to the property was reserved in the vendor to secure the purchase-money.   The court, in substance, ruled in that case, that the transfer (without recourse) of notes given for part of the price of a mill did not place the title to the mill in the person taking the notes, because when the person trans- ferring them received the money thereon, he was paid and the title to the mill passed into the maker of the notes, of whom the purchaser of them was but an ordinary creditor; and the principle ruled in this case is exactly the same as in cases where the vendor reserved title to the land and subsequently trans- ferred the purchase-money notes, without liability on his part for their payment.   None of these cases deal directly with the right of attachment, nor with the lien which is acquired thereby.   The principle ruled in each is clearly distinguish- able from the principle involved in the case at bar.   In each of said cases the question which arose was that of the existence of title to the property, or of a lien superior to the lien for the· purchase-money.   The lien for purchase-money allowed by the· code is quite different and of much higher dignity than that. to be acquired by the levy of an attachment under the section of the code with which we are now dealing.   In the one case,. the lien is given in order that a person selling property may receive from the purchaser the purchase-price thereof ·before other creditors will be allowed to appropriate such property to the payment of debts due them by the purchaser.   In the other case, the lien is a concomitant of the remedy.   It does not at-

tach until the remedy itself has been put in process of enforcement, and has no retroactive force, and the remedy is allowed when the debt is for purchase-money, etc. Manifestly, when a contract for the purchase and sale of land is made, and a bond for title given to the vendee, the vendor holds the title, unless more be stipulated, as security for the payment of the balance of the purchase-money due to him. Whenever the vendor is paid that balance, without himself incurring any liability, or guaranteeing the collection of the notes, or putting title to the land in the transferee for the purpose of making the land subject, he has been paid in full for his land, and no lien arises, by contract nor by operation of law, on the land originally sold, in favor of the transferee; and inasmuch as the vendee is entitled to the property unencumbered when the purchase-money is paid according to his contract, his equity is made perfect whenever the vendor receives the amount of the purchase-money under the circumstances enumerated. The transferee of the note does not stipulate for any lien, nor does he purchase one, and the law gives him none merely because of the fact that the notes which he bought and holds were given as part of the purchase-price of land, such notes having inherently and of themselves no lien. Therefore such transferee becomes a simple creditor of the original vendee. This condition of the transferee is in no way dependent on the question whether the notes were in fact given for a part of the purchase-money; and that the transferee under such circumstances obtains no lien affords no reason why the character of the note is changed. It is still a note for the purchase-money of land, but one to which no superior lien is given by law.

In the case at bar there arises no question of lien or title. There is no contest between creditors. The single question is, has the holder of a promissory note, given for the purchase-money of personal property, the right to have the property for which the note was given, while in the hands of the maker of the note, seized under process of attachment. We think so. There is nothing in any of the foregoing cases which changes the character of the notes as purchase-money notes; indeed, such character can not be changed, because it exists as a fact;

and the true meaning of the rulings made is, that by the act of a transfer of a debt which carries no liability on the part of the vendor of land to see the notes paid, the statutory lien on the property for which they were given is lost, because the vendor has been paid for the property.    All the questions which were raised and decided in the foregoing cases depended either upon the liens of judgments or the equity of the vendee under his contract.    The statute declares that process of attachment may . issue in behalf of any creditor whose debt is created by the purchase of property, upon such debt becoming due, when the debtor who created such debt is in possession of some of the property for the purchase of which the debt was created.    There is no question here but that the plaintiff in error is indebted to the defendant in error.    The relation of debtor and creditor therefore exists.    No question is made that such debt is due, and none suggested that the debtor is not in possession of the property for which the note was given.    It seems to us that this complies with the statute, and although the note has been transferred by the original payee, without indorsement, to the present holder, its character as a purchase-money debt is not changed.    The consideration of this note was the purchase of the property now sought to be attached, and whether transferred or not transferred, that fact must continue to exist. As it does exist, and other conditions required by the statute being present, the process of attachment may issue in behalf of the present holder of the note against the property for the purchase of which the debt was created.

*Judgment affirmed.    All the Justices concurring.*