ADAMS *v.* CAUTHEN, administrator.

</div>

SIMMONS, C. J.   1. Where land is sold and three promissory notes, payable to bearer, given for the purchase-money, the vendee receiving bond for titles and the vendor reserving title in himself, and two of the notes are paid off and the other transferred without indorsement or guaranty and without any transfer of title to the land to the transferee, this operates as a payment of the purchase-money, the vendor ceases to hold any interest in the land, the vendee's equity becomes complete, and the land is subject to levy and sale at the instance of any transferee of the unpaid note.   *Carhart* v. *Reviere,* 78 *Ga.* 173, and cases cited.   While such transferee's claim can not be enforced as for purchase-money (*Hunt* v. *Harbor,* 80 *Ga.* 746), he does occupy the position of a creditor of the vendee.

2. The above is true although no deed from the vendor to the vendee has been filed and recorded.   *Heyward* v. *Finney,* 63 *Ga.* 353.

3. Whether this debt may be enforced against the land in the hands of one who has purchased and paid for the vendee's interest under the bond for titles is a question not made and not decided.

<div align="center">

*Judgment reversed.   All the Justices concurring.*

Argued June 20, — Decided July 24, 1901.

</div>

Levy and claim.   Before Judge Reese.   Hart superior court. December 27, 1900.

*George C. Grogan* and *Asbury G. McCurry*, for plaintiff.
*James H. Skelton* and *Ira C. VanDuzer*, contra.