RAY *v.* ANDERSON, administrator.

CANDLER, J. 1. The defendant in a suit on a promissory note can not inquire into the title of the holder, unless it is necessary for his protection, or to let in the defense which he seeks to make. Civil Code, § 3698.

(*a*) Under the Civil Code, § 5432, the assignee or holder of a note given for the purchase-money of land may, in appropriate proceedings, subject the land to his debt. Hence, in a suit brought on promissory notes of the character mentioned and payable to named persons or bearer, it is not a good defense that title to the notes has (since the passage of the act of 1894, codified in the section above cited) been transferred without indorsement to other persons ; and an amendment to a plea, seeking to set up this defense, and claiming that the alleged owners of the notes would not, in a suit against the defendant, be entitled to a lien against the land for the purchase-money of which the notes were given, was properly disallowed.

(*b*) Nor can the defendant, in defense to an ordinary common-law suit on a promissory note, set up a claim arising ex delicto. *Hecht* v. *Snook,* 114 *Ga.* 923, and cit. The fact that the defendant might have this right in an equitable proceeding which has not been instituted will not avail him as a defense to a pending suit at law.

2. Statement of the place of payment in a promissory note does not affect the liability of the maker; "it is the duty of such party to come and pay." Bigelow on Bills, Notes, & Cheques (2d ed.), 35. Therefore, in a suit on a note in which no place of payment was stipulated, evidence that the payee resided in Chicago, and that the contract was to pay the note in that city, was properly excluded as immaterial. It was also immaterial that one of the payees was sui juris.

3. The interest on the debt sued for was properly computed. *Ray* v. *Pease*, 97 *Ga.* 618. The amendment to the defendant's plea, for reasons set out in the first headnote, was properly disallowed. A finding for the plaintiff was, under the undisputed evidence, legally necessary, and the direction by the trial judge of the verdict complained of will not be held error.

*Judgment affirmed. All the Justices concur.*

Argued March 11, — Decided March 31, 1904.

Complaint. Before Judge Reid. City court of Atlanta. March 16, 1903.

*Lavender R. Ray, W. R. Hammond,* and *R. O. Lovett,* for plaintiff in error.

*Anderson, Anderson & Thomas* and *Rosser & Brandon,* contra.