## LUMPKIN *v.* GREENLEA.

A vendor of land received from the vendee a series of notes, maturing at successive monthly intervals, each note payable to the vendor or bearer, and containing a stipulation that time was of the essence of the contract, and "that if. any two of said notes become due and remain unpaid at any one time, then all the remaining unpaid notes shall be considered as due and collectible, and the right of action thereon shall, at the option of the holder thereof, at once accrue," the vendor executing his bond obligating him to make title to the land to the vendee upon the payment of the notes. The vendor transferred four of the notes without indorsement. The vendee defaulted in the payment of two notes, one of which was held by the vendor and the other by the transferee. Whereupon the vendor claimed that such default entitled him to exercise his option of declaring all the notes held by him to be due, and accordingly brought suit upon them. *Held,* that the suit was premature as to the unmatured notes.

JULY 18, 1913.

Complaint. Before Judge Bell. Fulton superior court. July 27, 1912.

*Green, Tilson & McKinney,* for plaintiff.

*Grover C. Middlebrooks* and *W. R. Tichenor,* for defendant.

EVANS, P. J. E. S. Lumpkin sold to George C. Greenlea a lot of land, executing to him a bond to make title upon the payment

of a series of 104 notes due in monthly installments, numbered from 1 to 104. The notes were payable to Lumpkin or bearer, and each contained the following stipulation: "It is hereby expressly agreed that time is of the essence of this contract, and that if any two of said notes become due and remain unpaid at any one time, then all of the remaining unpaid notes shall be considered as due and collectible and the right of action thereon shall, at the option of the holder thereof, at once accrue." Lumpkin delivered four of these notes, numbers 3 to 6 inclusive, to a real-estate agent, without indorsement, in payment of his services in negotiating the sale. When note number one matured it was paid by Greenlea. When note number two matured it was not paid. When note number three (which was the first of the notes held by the real-estate agent) matured it was not paid. Thereupon Lumpkin gave Greenlea written notice that he exercised the option contained in each of the notes and declared them all due, and instituted suit to recover on all the notes from 2 to 104 inclusive, except the notes which he had delivered to the real-estate agent. The question made by the record is, whether the plaintiff's suit was prematurely brought on all the notes sued on except number two.

It is competent for the maker of a series of promissory notes maturing monthly through several years to provide that in case default is made in the payment of any one or more of them at maturity, time being of the essence of the contract, the entire series shall become due and collectible at once. *Stocking* v. *Moury,* 128 *Ga.* 414 (57 S. E. 704). The provision for the acceleration of the maturity of all of the purchase-money notes by the default of two of them is for the benefit of the vendor, and is to be considered as a part of his security. Where land is sold and the vendor takes from the vendee notes for the purchase-money, payable to himself or bearer, and executes to the vendee a bond for title, a transfer of the notes without indorsement or guaranty and without any transfer of title to the land to the transferee operates as a payment of the purchase-money, and the vendee's equity becomes complete, and the vendor ceases to hold any interest in the land. The debt evidenced by the notes transferred in such case loses its quality as a purchase-money debt, and the transferee becomes an ordinary creditor of the vendee. *Tompkins* v. *Williams,* 19 *Ga.* 569; *McGregor* v. *Mathis,* 32 *Ga.* 417; *Neal* v. *Murphy,* 60 *Ga.* 389; *Carhart*

v. *Reviere,* 78 *Ga.* 173 (1 S. E. 222) ; *Hunt* v. *Harbor,* 80 *Ga.* 746 (6 S. E. 596) ; *Adams* v. *Cauthen,* 113 *Ga.* 1166 (39 S. E. 479). If only a part of the purchase-money notes be transferred without indorsement or conveyance of the land, that part of the purchase-money is taken from the operation of the contract of purchase. Relatively to the vendor, the transfer by him under such circumstances is to be treated as a payment of so much of the debt as is represented by the transferred notes. It is no longer the concern of the vendor whether the notes are paid by the vendee, and he can not take advantage of the vendee's default in their payment, in accelerating the maturity of his own notes, under a provision which was intended as a security for the collection of the purchase-money.

The provision for the acceleration of the maturity of the principal is incorporated in each of the notes. That privilege is given to the holder of the notes. When Lumpkin transferred four of the notes to the real-estate agent he was no longer the holder of those notes. The agent may have granted an indulgence or extension of payment to the maker, or it may be that the maker had a pleadable set-off against the agent to the amount of the notes held by him. If the agent postponed the time of maturity of the notes held by him, there would be no default or failure to pay at maturity the note so held by him. In the case of *Scott* v. *Liddell,* 98 *Ga.* 25 (25 S. E. 935), the principal of a promissory note was made payable a number of years after its date, with a stipulation in the note for the annual payment of the interest, the contract to pay interest being severable from that to pay the principal. The payee of the note assigned in writing to another the principal, reserving to himself the interest, with the right to collect the same. The note contained a stipulation that the principal should become due instanter on 30 days default in the payment of any interest installment. The transfer of the principal of the note occurred before any default in the payment of interest. The payee of the note extended the time of the payment of the interest, and, after the date stipulated in the note for the payment of interest had passed, suit was brought by the assignee of the principal of the note in advance of the time fixed in the note itself for the payment of the principal in case there was no default in the payment of interest; and it was held that the maker's failure to pay the interest at the

time stipulated in the note did not operate to accelerate the maturity of the principal of the note.

We' think the principle of this case conclusive of the question in hand. The transfer by Lumpkin to the real-estate agent will be. treated as a payment of so much of the purchase-debt as is represented by the transferred notes; and it is immaterial, with reference to the acceleration of the maturity of all the notes, whether the maker defaulted in the payment of the transferred notes or not.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., disqualified.*