## HOLBROOK v. ADAMS et al.

PER CURIAM. The court below erred in sustaining the general demurrer to the petition, and in dismissing the suit.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting, and Hill, J., absent on account of illness.*

RUSSELL, C. J. The court did not err in sustaining the general demurrer and in dismissing the petition.

(a) If either of two innocent persons must suffer, he who put it within the power of a third person to cause the injury must be the loser.

(b) Where the bona fide purchaser of a note given by the maker thereof in part payment of the purchase-price of land, though the latter fact does not appear on the face of the note, accepts said note by mere delivery from the payee without guaranty or any written indorsement of any 'kind, the lien in favor of the original vendor of the land who has given a bond for title to the vendee of such land is extinguished so far as the same might affect subsequent purchasers of such land without notice, or persons advancing money as loans under a deed given to secure the payment thereof.

(c) Where one buys a note given for the purchase-money of land, and the transfer of title to the note is effected by mere delivery, and thereafter the payee of the note conveys such land by deed to a third person, who in turn conveys title to still another person as security for his indebtedness, and such grantee named in the security deed has no knowledge or notice of the probable interest of the purchaser of the note or of his claim of lien based upon the ground that the note was given for a portion of the purchase-price of the land, the rights of the grantee in the security deed are superior to the lien of a judgment thereafter rendered in favor of the holder of the note, although in such judgment a lien upon the land in question was adjudged in favor of the purchaser of the note. Neither of the grantees in the security deed being parties to the suit in which the judgment was obtained, their rights would not be affected thereby, unless it was made to appear that they knew of the rights of the transferee and holder of the note.

No. 5264.　MARCH 5, 1927.

Equitable petition. Before Judge Hodges. Franklin superior court. December 23, 1925.

*J. H. Skelton, Erwin, Erwin & Nix,* and *John B. Gamble,* for plaintiff.

*W. R. Little, L. S. Johnson, W. M. Reynolds,* and *M. M. Sessions,* for defendants.

RUSSELL, C. J., dissenting. Stated in their chronological order, the pleadings in this case disclose the following state of facts: Worley Adams bargained a certain tract of land in Hart County to Fowler and Ginn, in December, 1919, receiving a part of the purchase-price in cash amounting to $3,500, and the remainder in

---

Vendor and Purchaser, 39 Cyc. p. 1863, n. 14.

a note in the sum of $3,481.50 payable to Adams or bearer. Adams executed a bond for title to the purchasers, who immediately went into possession. The note for $3,481.50 was sold by Adams to Holbrook for value, before its maturity. There was no written assignment of the note or indorsement or guaranty thereon; the title passed by mere delivery. It is not stated in the note that its consideration is the purchase-price of land, nor is the consideration otherwise stated than by the words "for value received." On December 27, 1922, Adams executed a warranty deed to Fowler (Ginn having sold his interest to Fowler), conveying to him the land in question, the consideration being $3,000. Holbrook brought suit on the note against Fowler and Ginn, and obtained a judgment on September 24, 1923, and a special lien against the land for the purchase-money as evidenced by the note. Adams refused to make a deed to Fowler and Ginn, at the request of Holbrook, for the purpose of levy and sale, as provided by section 6037 of the Code, and Holbrook instituted his equitable petition for the purpose of compelling him to do so. In the petition all of the foregoing facts are set forth; and it is further alleged that Fowler, on March 7, 1922, made a payment of $200 to Holbrook on the note, which was credited thereon. Holbrook averred, that, having purchased the note from Adams for value and there being no assignment without recourse, Adams held the legal title to the land for the benefit of the petitioner; that Adams had no further interest in the land that he could sell or convey, after the sale of the purchase-money note, except that it was his duty, upon the request of the transferee of the note, to execute a deed of conveyance for the purpose of levy and sale under Holbrook's judgment; that Fowler and Ginn were put in possession by Adams, and, they having paid a part of the purchase-price, legal title to the land remained in Adams as security for the payment of the balance of the purchase-money; that Adams, after he sold and delivered the purchase-money note to Holbrook, merely held the legal title as trustee for the benefit of Holbrook, and the purchase-money lien and all of the interest, right, and title of Adams to the land passed to Holbrook by operation of law; that the deed from Adams to Fowler was executed without lawful authority, and passed no title to the land; and that such deed is a cloud upon the title and should be declared null and void and be canceled.

By consent the Sessions Loan & Trust Company and the administratrix of the estate of M. Berryman were made parties defendant, and both filed answers and demurrers. It was agreed that the case be tried by the judge without the intervention of a jury, and that all issues of law and fact should be decided by him, reserving the usual right of exception. The judge sustained the general demurrers and dismissed the petition as to the Sessions Loan & Trust company and the administratrix of M. Berryman. This leaves the case still pending in the lower court as to Adams, Fowler, and Ginn. Holbrook excepted upon various grounds based upon alleged errors in the admission of testimony; and to the judgment sustaining the general demurrers filed by Sessions Loan & Trust Company and Mrs. Ada Fowler, administratrix of M. Berryman, deceased, upon the grounds: (a) that no relief was sought in the petition against these two parties; (b) that a cause of action was stated against the other defendants, Adams, Ginn, and Fowler (Adams being in default), and it was therefore erroneous to dismiss the suit as to them.

The plaintiff invoked the assistance of equity, and the issue is to be determined by the application of equitable principles. The real question which is involved is whether the lien of the judgment obtained by the plaintiff in his suit upon the note is superior to the rights of the defendants as conveyed by the deeds upon which they rely. It is a cardinal principle that if either one of two innocent parties must suffer, he who placed it within the power of a third person to work the wrong must suffer injury rather than one who has in no way contributed to the act from which injury resulted. Whichever party may lose in the transaction now sub judice, the loss was occasioned by the vendor of the land, the original payee of the note purchased by the plaintiff. At the time Holbrook purchased the note from Adams, and transfer was made by mere delivery of the note without indorsement or other guaranty, there was nothing to prevent the purchaser of the note from requiring a transfer in writing had he desired to insist upon it. If, as now insisted, the transfer of the note extinguished all interest of Adams, the vendor, in the land (the purchase-price of which, as insisted, being represented by the note), Holbrook could have demanded from Adams a deed conveying title to him, subject to the bond for title outstanding in the hands of the purchasers,

58

Fowler and Ginn. It was this instrument, the bond for title, which alone affected the legal title of Adams and the title of Holbrook resulting from his purchase of the note for the purchase-money. At the time of the purchase Holbrook was content to take the note, which did not show on its face that the consideration was the purchase-money of the land, and accept a transfer effectuated by a mere delivery of the promissory obligation of Fowler and Ginn. Conceding for argument's sake that Adams had no right to execute a deed otherwise than subject to the obligation imposed by his bond for title (though it is not necessary at this time so to hold), nevertheless Adams did, on December 27, 1922, execute to Fowler a warranty deed divesting himself of all right, title, and interest in the land. Adams thereby conveyed the legal title to Fowler. This deed was duly recorded. We need not inquire whether the deed from Adams to Fowler, under the circumstances alleged, might not have been successfully attacked by the plaintiff. On December 27, 1922, after requiring the cancellation of a security deed to Berryman, which was the only incumbrance upon Fowler's title as far as disclosed by the record, the Sessions Loan and Trust Company made a loan to Fowler of $1,500, taking a deed to the property in question. There is no charge that the Sessions Loan and Trust Company had any knowledge or notice of the transfer of the purchase-money note to Holbrook. The loan company found, upon examination, that the title of Fowler was good so far as the record or any circumstances were concerned. From the facts as stated in the petition it appears that the lender was authorized to conclude that Fowler had a perfect title. Under this state of facts the rights obtained by the deed would be superior to a judgment obtained by Holbrook subsequently to the execution and record of the deed from Fowler to the loan company. There is no averment or contention that Berryman had any knowledge of the nature of the transaction by which Holbrook purchased the note of Fowler and Ginn, or was a participant in any respect alleged to exist between Fowler, Ginn, and Adams. Berryman obtained a deed from Fowler as security for a loan of $3,500, on January 1, 1920, which antedated the judgment in favor of the plaintiff by more than four months; and in the circumstances the subsequent judgment in favor of Holbrook could not affect his rights and the consequent rights of his administratrix.

We might well rest the discussion and decision of the issue in this case here. But inasmuch as the conclusion in the lower court was reached by a different process, it may be necessary to test the correctness of our conclusion by proceeding along the same path which was taken in the lower court. For this reason I shall consider the merit of the judgment upon the general demurrer by a consideration of the respective rights of the plaintiff and of the demurrants respectively and separately as they appear from the petition, and then compare the respective weight of the rights of each when these rights are brought into competition. A lien for purchase-money is accorded high rank in this State, and the rights of bona fide purchasers for value are accorded especial protection under the provisions of our Code. That the plaintiff was a bona fide purchaser of a purchase-money note for a certain tract of land must be conceded. But did the transfer of that note by mere delivery convey to Holbrook the lien for purchase-money enjoyed by Adams as the vendor of the land, who had only executed a bond for title and had thus retained to himself the title? It is a general rule that where security is given to assure the payment of a promissory note, transfer of the note carries with it transfer of the security. Does this rule obtain otherwise than where there is a written transfer of an obligation which is secured by land? Does it obtain where title is not conveyed by the maker of the note as security for the payment of the indebtedness evidenced by the note, but where the maker of the note is a purchaser in expectancy of a title which he has not yet acquired, and where the payee of the note is himself already clothed with title which he merely retains until the debtor-purchaser shall complete the payment of the amount contracted to be paid? It is insisted by counsel for the plaintiff that the decision in this case is controlled by the ruling in *Ray* v. *Anderson,* 119 *Ga.* 926 (47 S. E. 205), in which it was held: "Under the Civil Code [1895], § 5432, the assignee or holder of a note given for the purchase-money of land may, in appropriate proceedings, subject the land to his debt. Hence, in a suit brought on promissory notes of the character mentioned and payable to named persons or bearer, it is not a good defense that title to the notes has (since the passage of the act of 1894, codified in the section above cited) been transferred without indorsement to other persons; and an amendment to a plea, seeking to set up

this defense, and claiming that the alleged owners of the notes would not, in a suit against the defendant, be entitled to a lien against the land for the purchase-money of which the notes were given, was properly disallowed." It is insisted that this decision is controlling as to the point that the holder of a purchase-money note is entitled to a lien against the land for the purchase-money of which the notes were given- at the suit of the holder of such notes, although they were transferred by mere delivery. As to this proposition the decisions of this court appear to be in irreconcilable conflict.

In *Gould* v. *Bank of Statesboro,* 105 *Ga.* 373, 379 (31 S. E. 548), Mr. Justice Little elaborately discusses the rights obtained by the transferee of a purchase-money note and the nature of the lien to which he may be entitled under circumstances practically identical with those disclosed in the case at bar. He says: "Manifestly, when a contract for the purchase and sale of land is made, and a bond for title given to the vendee, the vendor holds the title, unless more be stipulated, as security for the payment of the balance of the purchase-money due to him. Whenever the vendor is paid that balance, without himself incurring any liability, or guaranteeing the collection of the notes, or putting title to the land in the transferee for the purpose of making the land subject, he has been paid in full for his land, and no lien arises, by contract nor by operation of law, on the land originally sold, in favor of the transferee; and inasmuch as the vendee is entitled to the property unencumbered when the purchase-money is paid according to his contract, his equity is made perfect whenever the vendor receives the amount of the purchase-money under the circumstances enumerated. The transferee of the notes does not stipulate for any lien, nor does he purchase one, and the law gives him none merely because of the fact that the notes which he bought and holds were given as part of the purchase-price of land, such notes having inherently and of themselves no lien. Therefore such transferee becomes a simple creditor of the original vendee. This condition of the transferee is in no way dependent on the question whether the notes were in fact given for a part of the purchase-money; and that the transferee under such circumstances obtains no lien affords no reason why the character of the note is changed. It is still a note for the purchase-money of land, but one to which no superior

lien is given by law. . . There is nothing in any of the fore-going cases which changes the character of the notes as purchase-money notes; indeed, such character can not be changed, because it exists as a fact; and the true meaning of the rulings made is, that by the act of a transfer of a debt which carries no liability on the part of the vendor of land to see the notes paid, the statutory lien on the property for which they were given is lost, because the vendor has been paid for the property." I conclude that the judgment of the learned trial judge was controlled by the principles so announced by Mr. Justice Little. And as I am of the opinion that the principles announced in the *Gould* case are controlling in the adjudication of the present case, I think the judgment of the trial court should be affirmed. It is true that the ruling in *Ray* v. *Anderson,* supra, is in conflict with that in the *Gould* case. But the *Gould* case was a unanimous opinion of the six Justices com-posing the court, and we should follow the older decision as stating the true rule as to the controlling question in this case, to wit, was the judgment lien in favor of Holbrook superior to the rights of Sessions Loan & Trust Company and of Berryman's administratrix as purchasers without notice? I am of the opinion that the Sessions Loan & Trust Company and Berryman's estate are entitled to the protection extended those favorites of the law known as bona fide purchasers.