## HOLBROOK *v.* ADAMS *et al.*

</div>

1. Where two of the defendants (other defendants not demurring) separately demurred to a petition upon the ground that it set forth no cause of action as to the separate demurrants, which demurrers the trial court sustained and dismissed the suit, and where this court reversed this judgment of the lower court, the judgment of this court concluded the demurring defendants; and the trial judge erred, as to these defendants, in afterward sustaining these demurrers and a motion of the

defendants to dismiss the petition upon the ground that it set forth no cause of action, and in dismissing the suit.

2. The petition set forth a cause of action as to the defendants who did not demur, and the trial judge erred in sustaining the oral motion of all the defendants to dismiss the petition because it set forth no cause of action against all or either of the defendants.

3. Under section 4276 of the Civil Code, "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security."

(*a*) Where a vendor sells land, takes a note for a part of the purchase-money thereof, payable to himself or bearer, and gives to the purchasers his bond for title, 'by which he obligates himself to convey the land to them on payment of the note, the vendor holds the title to the land as security for the payment of the purchase-money; and when by mere delivery he transfers the note for value, before due, to another; the transferee acquires the security held by the vendor.

(*b*) When the transferee of the purchase-money note reduces the same to judgment, it is the duty of the vendor to convey the land by quit-claim deed to the purchasers, to enable the transferee to levy upon and sell the same under an execution issued upon the judgment obtained for the purchase-money; and upon refusal of the vendor to make such conveyance when requested to do so by his transferee, a court of equity will compel the vendor to make such conveyance.

(*c*) The fact that the vendor had previously conveyed the land by warranty deed to one of the purchasers is not a compliance with the requirements of section 6037 of the Civil Code.

No. 6162. SEPTEMBER 14, 1928.

Equitable petition. Before Judge Hodges. Franklin superior court. June 17, 1927.

*Erwin, Erwin & Nix, John B. Gamble,* and *James H. Skelton,* for plaintiff.

*Linton S. Johnson* and *George L. Goode,* for defendants.

HINES, J. B. H. Holbrook filed his petition against Worley Adams, R. J. Fowler, and C. A. Ginn, in which he made these allegations: On or about December 31, 1919, Adams sold a described tract of land to Fowler and Ginn. The purchasers paid in cash practically half of the purchase-price, and executed their joint promissory note for the balance of the purchase-money, dated December 31, 1919, falling due January 1, 1921, for the sum of $3,-481.50, payable to Adams or bearer. Adams, for value received, and before maturity, sold and delivered, without indorsement, said note to Holbrook. Holbrook, as the bona' fide holder of said note, obtained judgment thereon against Fowler and Ginn in Franklin superior court on September 4, 1923. In his suit in which said judgment was obtained Holbrook alleged that this note was' given

for the purchase-money of said tract of land, and he prayed for a special lien thereon, which was given him in such judgment. Execution issued under this judgment, and was entered on the general execution docket of Franklin County on October 1, 1923, and upon the general execution docket of Hart County on December 11, 1923. No part of said judgment has been paid. Petitioner purchased said note for value, and there was no assignment of it to him without recourse. Adams held the legal title to the land for the benefit of petitioner, as he had no further interest in said land, after the sale of said purchase-money note to petitioner, that he could sell or convey, except that it was his duty, upon request of petitioner, to execute a deed of conveyance to the makers of the note for the purpose of levy and sale of such land under said judgment against them for said purchase-money, as required by section 6037 of the Civil Code of 1910. Adams put the purchasers in possession of said land, but the legal title remained in him as security for the payment of the balance of the purchase-money; and when Adams sold said purchase-money note to petitioner he thereafter held the legal title to said land as trustee for petitioner; and the purchase-money lien and all of the title of Adams to said land by operation of law passed to petitioner. Petitioner presented to Adams, in October, 1924, a quitclaim deed to be executed by him to Fowler and Ginn, conveying said land, under the provisions of the above section of the Code, for the purpose of enabling petitioner to have said land levied on and sold to satisfy his judgment for the balance of the purchase-money. Adams declined to execute said deed. Subsequently to the sale by Adams of said note to petitioner, and after Fowler had received notice that petitioner was the owner of said note, and after he had made a payment to petitioner thereon, Adams, as a part of a conspiracy between him and Fowler to defraud petitioner of the balance due on said purchase-money note, executed to Fowler a warranty deed to said land on December 27, 1922. This deed was executed without lawful authority, and passed no title to said land. Said deed is a cloud upon the title of said property, and should be canceled. On information and belief petitioner avers that Ginn assigned to Fowler all his interest under said bond for title, and to said real estate, prior to the execution by Adams to him of the deed referred to. Adams, Fowler, and Ginn are insolvent. There is no other property out of which said

judgment for the balance of the purchase-money of said land can be made. Fowler is in possession of said land, and is collecting the rents therefrom, to the injury of petitioner, and a receiver should be appointed by the court to take charge of said real estate, rent the same, collect the rents, and hold the same subject to the order of the court. Petitioner prayed that Adams be required to convey said land to Fowler and Ginn, under the provisions of section 6037 of the Civil Code of 1910, so that petitioner's judgment for such money can be levied thereon; that a decree be passed directing the receiver, or commissioner, or sheriff to sell said land, after due advertisement, under the judgment for said purchase-money, and to execute to the purchaser a full and complete title to the same; that the proceeds of said sale be applied, first, to the satisfaction of his judgment and costs, and the overplus, if any, to be paid to Fowler and Ginn, or Fowler, as their interest may appear; that Fowler be required to surrender the deed executed by Adams to him, and that said deed be canceled; that a receiver be appointed to take charge of said land, rent the same, collect the rents, and hold them subject to the order of the court; that the defendants be enjoined from in any manner disposing of or attempting to convey said land, or to rent the same or to collect the rents; and that petitioner be given such other and further relief as is usually had in such cases.

Fowler demurred to the petition on the grounds, that there is no equity therein, that the plaintiff is not entitled to the equitable relief prayed, and that he has an adequate remedy at law by levy and sale of said land, it appearing from the petition that a deed had already been made by Adams to him. Fowler filed also his answer in the nature of a cross-petition, and under the allegations thereof prayed that the Sessions Loan & Trust Company be made a party to the cause. An order was passed making this company a party to the cause, as prayed by Fowler. On June 29, 1925, this company demurred to the petition upon the ground that its allegations constitute no ground for equitable or legal interference with its legal and equitable rights and interests. The trial judge sustained the demurrers, and dismissed the case. That judgment was reversed. *Holbrook* v. *Adams,* 163 *Ga.* 911 (137 S. E. 76).

1. A majority of this court in its judgment of reversal held that "The court below erred in sustaining the general demurrer to the petition, and in dismissing the suit." By that ruling this court

held that the petition set forth a cause of action, and that the court below erred in dismissing the same upon the general demurrer. This ruling of this court clearly fixed and settled the law of the case against the demurrants. They are now bound by this law, whether it is sound or unsound; and the trial judge was without authority to review and reverse that ruling, and erred in again dismissing the petition as to them, upon the demurrers and upon the oral motion of the defendants to dismiss the same because it set forth no cause of action. The suggestion of the trial judge that the majority in rendering this judgment were influenced by the belief that the case was in default as to Adams, when in fact the case was not in default as to him, is a mere unfounded surmise. The majority did not overlook the elementary principle that, in passing upon a demurrer to a petition, we must look alone to the allegations of the petition.

2.  But it is insisted that Adams and Ginn did not demur to the petition, and that as the case had not been marked in default as to them, they could demur, or orally move to dismiss the petition, upon the ground that the plaintiff was not entitled to any legal or equitable relief thereunder. Both of these parties were defendants in error to the bill of exceptions when the case was here before. All of the defendants in error moved to dismiss the bill of exceptions. By the judgment which was reviewed when the case was here before, the trial judge dismissed the case as to all of the defendants, and not as to the demurring defendants alone. If that judgment had been affirmed by this court, by dismissal of the bill of exceptions, it would have finally disposed of the case as to all the defendants. In these circumstances it would seem that the ruling of this court, when the case was here before, fixed the law of the case as to all of the defendants. But conceding that this was not so, we are of the opinion that the ruling of the majority, when the case was here before, is correct. In cases where a contract to purchase land has been made, or bond for title made, or the purchase-money has been partly paid, and the purchase-money due has been reduced to judgment by the payee, assignee, or holder of such debt, the holder of the legal title, or, if dead, his executor or administrator, shall, without the order of any court, make and execute to the defendant in fi. fa., or, if he be dead, to his executor or administrator, a quit-claim conveyance to said land, and file and have the same recorded

in the clerk's office; and then, and not until then, can the same be levied upon and sold as the property of the defendant, and the proceeds be applied to the payment of such judgment; or, if there be conflicting claims, then the same shall be applied as determined in proceedings had for that purpose. Civil Code (1910), § 6037. Since the act of 1894, the assignee of a note given by the holder of a bond for title for part of the purchase-money of land, payable to the vendor or bearer, and transferred by the vendor by delivery, is subrogated to the rights of the vendor, and is entitled to a lien against the land for the purchase-money. *Tompkins* v. *Williams,* 19 *Ga.* 569; *Crowder* v. *Dunbar,* 74 *Ga.* 109; *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (25 S. E. 489); *Ray* v. *Anderson,* 119 *Ga.* 926 (47 S. E. 205); *Carter* v. *Johnson,* 156 *Ga.* 207 (119 S. E. 22); *Carlton* v. *Reeves,* 157 *Ga.* 602, 607 (122 S. E. 320); Civil Code (1910), § 4276. This section first appeared in the Code of 1895. That Code was adopted by act of the legislature, and is now the statute law of this State. The principle of this section applies where the note is indorsed without recourse. *Berry* v. *Van Hise,* 148 *Ga.* 27 (95 S. E. 690). It necessarily follows that this principle applies when the note is payable to a named payee or order, and is transferred by mere delivery. Decisions holding to the contrary were either made prior to the passage of the act of 1894, and the adoption of the Code of 1895, or they overlooked them. After the transfer or delivery of a purchase-money note, the vendor holds the legal title for the benefit of the owner of the debt. *Carlton* v. *Reeves,* supra. This being so, when the assignee of a purchase-money note reduces the same to judgment and obtains a special lien upon the land purchased, it is the duty of the vendor to file and have recorded a quitclaim deed to the purchaser, in order that the assignee may have his execution obtained on the judgment enforced by levy and sale as provided in the above section of the code. When the vendor refuses to make such quitclaim conveyance, the holder of the purchase-money judgment can, in equity, compel him to do so. But it is urged that Adams had already conveyed the land to Fowler, who was one of the purchasers, and one of the defendants in the judgment obtained by Holbrook on their purchase-money note. The statute requires that the quitclaim conveyance shall be made to the defendants in fi. fa., and not to one of them alone. For this reason this contention is not tenable.

So we are of the opinion that the petition set forth a cause of action, and trial judge erred in again dismissing the petition upon demurrer. *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. On the general features of this case I adhere to the views heretofore expressed in my dissenting opinion in *Holbrook* v. *Adams,* 163 *Ga.* 911 (supra) ; but I concur in the present judgment, because I am of the opinion that the judgment of the majority when the case was here before fixed the law of the case.