22105.   GAY v. CROCKETT, Judge, et al.

Argued July 8, 1963—Decided September 5, 1963.

*Carl K. Nelson, Jr., Nelson & Nelson,* for plaintiff in error.

*H. Dale Thompson, Adams & McDonald, C. C. Crockett, pro se, McDonald, Longley & McDonald, Bolton & Harper,* contra.

ALMAND, Justice. On April 8, 1961, C. C. Crockett, Judge of the City Court of Dublin, issued a money rule against Carlus D. Gay, a former sheriff of said court, in which Gay was ordered to pay a specified amount of money to the clerk of said court. Said sums represented costs, fines, and forfeitures which Gay was alleged to have collected from the June term 1958, to December 31, 1960. To this rule Gay filed general and special demurrers, a plea in abatement and a response. The trial judge overruled the demurrers, struck the answer and found against the plea in abatement. Gay appealed these rulings to this court, and on review here it was held that the trial court erred in denying the plea in abatement. *Gay v. Crockett,* 217 Ga. 288 (122 SE2d 241). It was there held that the plea in abatement should have been sustained, and the judgment denying the plea was reversed.

On the return of the remittitur to the trial court the judge of that court entered the following order: "The judgment of the trial court on the plea in abatement having been reversed by the Supreme Court, the former judgment of this court on this plea is set aside and the plea will be heard and determined on the law and the facts." On a further hearing the trial judge entered an order denying the plea in abatement, struck Gay's answer except the words and figures in the answer as to collection of costs, fines, and forfeitures, and ordered Gay to pay into court the sum of $73,549.25. Objecting to this order, Gay has brought the case here and in his bill of exceptions assigns error

on the judgment. The trial judge granted his application for a supersedeas.

■ *The defendant in error's motion to transfer this case to the Court of Appeals.* The demurrers of the plaintiff in error which raised the question of the constitutionality of several statutes were overruled and error is assigned on such order. Therefore this court alone has jurisdiction to review such order.

■ *Code* § 6-1804 declares that a decision of this court shall be certified under the seal of this court to the court below "and shall be respected, and in good faith carried into full effect, by the court below." When the remittitur from this court on the case's former appearance here reached the trial court, the only action under our decision and judgment that the court below could take was to make the judgment of this court the judgment of the trial court and to enter an order sustaining the plea in abatement. The trial court was without power or authority to enter the judgment under review. *Holbrook v. Adams,* 166 Ga. 871 (1) (144 SE 657).

Direction is given that upon receipt of the remittitur by the trial court a judgment be entered thereon sustaining the plea in abatement.

*Judgment reversed with direction. All the Justices concur.*