43775.   BROWN et al. v. McINVALE et al.

Pannell, Judge.   1.   Where, on June 12, 1964, the defendants granted to plaintiffs an option to purchase certain corporate stock "if within twenty-four (24) months of the date" thereof certain events do not occur, and such option agreement did not fix a time limitation for the exercise thereof, it must be exercised immediately upon the expiration of the twenty-four months or within a reasonable time thereafter. *Rogers v. Burr,* 97 Ga. 10 (25 SE 339).   Even should we assume that the rule against perpetuities (*Code Ann.* § 85-707) applies to property other than interests in realty (see, however, *Southern Airways Co. v. DeKalb County,* 216 Ga. 358 (116 SE2d 602) and *Reeves v. Comfort,* 172 Ga. 331 (157 SE 629)), there was no attempt here to affirmatively create a perpetual right to exercise the option as was done in *Turner v. Peacock,* 153 Ga. 870 (1) (113 SE 585) ; but there was only the absence of a time limitation as was true in *Kirkland v. Odum,* 156 Ga. 131, 136 (118 SE 706) which held that the optionee had a reasonable time in which to exercise the option.
2. Where such an option becomes exercisable a tender made to the optionors is not ineffective merely because the contract provided that the stock certificates would be placed in the hands of an escrow agent with full power to transfer where the option contract makes no provision for tender to such agent; particularly is it so here where it does not affirmatively appear from the petition that the stock was so placed and the power to transfer duly given.
3. A delay of approximately nine months in exercising the option, after it became exercisable, cannot be said as a matter of law to be an unreasonable length of time.   It is a jury

question to be determined upon evidence of the circumstances relating thereto.

4. Accordingly, the claim alleging the contract, the tender of performance by the plaintiff, and the refusal to perform by the defendants, stated a claim upon which relief could be granted and the trial court erred in sustaining the motion to dismiss.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 3, 1968— REHEARING DENIED SEPTEMBER 20, 1968.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellants.

*Parker & Parker, Richard L. Parker,* for appellees.

