45917. HOLDER CONSTRUCTION COMPANY v.
ED SMITH & SONS, INC.

ARGUED JANUARY 8, 1971—DECIDED JUNE 18, 1971.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, J. Kenneth Moorman, Zachry, Dean & Setliff, Herbert B. Zachry,* for appellee.

QUILLIAN, Judge. ■ The contract between the plaintiff and the defendant which is the principal basis for the defendant's counterclaim contains the following provision: "Subcontractor agrees to indemnify and hold the contractor and the owner wholly harmless from any damages, claims, demands or suits by any person or persons, arising out of or resulting from the execution of the work provided in this subcontract or occurring in connection therewith, excluding liability for negligence of the contractor or owner, except in connection with general supervision of work performed by the subcontractor." The proof offered, including the documents and the deposition of the president of plaintiff corporation, failed to establish as a matter of law the applicability of the situation of the case sub judice to the above quoted provision of the contract. The trial judge correctly held: "It has not been made to appear that all issues as to causation have been eliminated."

■ The letter which is the basis of the main suit for libel contains the following language: "Ed Smith and Sons came on our job to do the blasting and did not inquire of our supervisory personnel on the job if there were any underground exposures that existed before they started the blasting operations. Therefore, I feel that responsibility for payment of this invoice belongs to our subcontractor on this project. Please send them an invoice for $857.30, which was your repair cost." The defendant contends that it is not liable based on several grounds, among which are: (1) that a corporation may not be libeled; (2) that the statement alleged to be the basis of the libel was only with regard to one act and was not

properly subject of libel; (3) that the statement was true and was therefore not libel; (4) that the statement was a privileged communication, being made "on the part of the speaker to protect his own interest in a matter where it is concerned." *Code* § 105-709 (3).

While there is no Georgia authority directly in point, several cases from other states, which have basically the same common law definitions of libel as Georgia, have held that a corporation may be libeled with regard to its business reputation. See cases cited in 53 CJS 81, Libel and Slander, § 34; 50 AmJur2d 837, Libel and Slander, § 315.

However, we pretermit an express determination of this point since another ground of defense is determinative of the issues in this case. New York has been the primary authority for what may be termed the "single instance test" with regard to libel, that is, language imputing to a business or professional man ignorance or mistake on a single occasion and not accusing him of general ignorance or lack of skill is not actionable per se. This rule is applicably expressed in Mason v. Sullivan, 271 N. Y. S. 2d 314, 316: "The 'single instance' rule has application to charges which imply that plaintiff is unfit to carry on his profession or calling. In essence it is that a charge that plaintiff in a single instance was guilty of a mistake, impropriety or other unprofessional conduct does not imply that he is generally unfit." See Smith v. Staten Island Advance Co., 95 N. Y. S. 2d 188; Amelkin v. Commercial Trading Co., 259 N. Y. S. 2d 396 (affirmed 214 NE2d 379); Blende v. Hearst Publications, Inc., 200 Wash. 426 (93 P2d 733).

A discussion of this theory is found in *Van Epps v. Jones*, 50 Ga. 238, 241: "Can it be contended that it is actionable to say of a lawyer that he will not pay his debts, much less a particular debt? I am not sure that it would be actionable to say of a lawyer, falsely, that he would not pay some particular money collected by him as a lawyer, or that it would be actionable to say of a blacksmith, untruly, that he had burned a certain horse in shoeing him. The authorities indicate that the charge must be of something that affects his character generally in his trade. A particular act may or may not do this, and the matter would depend on the colloquium." A further statement of this principle is found in *Aiken v. Constitution Publishing Co.,* 72 Ga. App. 250, 256 (33 SE2d 555):

"A charge of ignorance or want of skill in a particular transaction is not actionable, unless the charge is such as imports gross ignorance or unskilfulness."

The statement contained in the letter can only be construed to impute at law mere negligence on the part of the plaintiff as to a single transaction. This was not sufficient to impute gross negligence or unskilfulness to the plaintiff or to reflect generally on its skill in the trade and thus did not constitute libel.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Evans, J., concur.*

Pannell, Judge, concurring specially. I concur in the judgment. See Brown v. McInvale, 118 Ga. App. 375 (163 SE2d 854).