## 28256. SUMMER-MINTER & ASSOCIATES, INC. et al. v. GIORDANO et al.

INGRAM, Justice. Certiorari was granted in this case to consider whether a party can amend his pleadings after reversal on appeal of a trial court's order denying a motion for summary judgment but before the appeal remittitur is entered in the trial court by asserting a new theory of recovery in the amendment.

The background of the case may be stated briefly as follows: The plaintiff's complaint, as thrice amended in the trial court, alleged a conspiracy among the defendants Pope, Stubbs, Summer and Summer-Minter & Associates, Inc., to defraud the plaintiffs of their interest in certain real property. Under the amended complaint, plaintiffs held a second security deed on the property while defendant Stubbs held the first lien security deed. Defendant Pope, the owner of the property, defaulted on the obligation to defendant Stubbs and the property was subsequently purchased at a foreclosure sale by defendant Stubbs. Defendant Summer-Minter & Associates was a real estate agency which had some prior dealings with the property. The amended complaint alleged that defendant Summer, as President of the real estate agency, had personal knowledge of the default by Pope on the obligation to Stubbs; that Summer had a duty to inform the plaintiffs, but instead of doing so, Summer actively concealed the information from plaintiffs.

Defendants Summer and Summer-Minter & Associates, Inc., moved for summary judgment and their motion was denied by the trial court but certified for review on appeal. The case then came directly to this court and, after examination of the pleadings and evidence considered on the motion, we reversed the denial of summary judgment. That decision is reported in 228 Ga. 86 (184 SE2d 152). Before the remittitur became the judgment of the trial court, the plaintiffs amended their complaint a fourth time by eliminating the original complaint and three amendments thereto and by dismissing defendants Pope and Stubbs as parties in the case. This fourth amendment recast the plaintiffs' complaint to allege basically the same facts contained in the original complaint, as amended, with the additional allegation that "Hugh Summer falsely and maliciously stated to the said Hicks that he (Summer) would take care of the matter and that, in any event, it was unnecessary to advise plaintiffs of the default since, in the event of a foreclosure by Stubbs, the property would revert to the plaintiffs."

The fourth amended complaint changed the plaintiffs' theory of recovery from essentially one of civil conspiracy to defraud to one of tortious interference with the rescue of the property. The last amendment, however, introduced no new facts in the case not already appearing in the affidavits considered on the motion for summary judgment or ascertainable from the third amended complaint.

The defendants (appellants in certiorari) objected in the trial court to the plaintiffs' last amendment by moving for a judgment on the pleadings on the grounds of estoppel, former adjudication and res judicata. The trial court granted defendants' motion for judgment but, on appeal to the Court of Appeals, this judgment was reversed in a 6-3 decision which held that until the remittitur from this court in the first appeal was made the judgment of the trial court the case was still pending in the trial court and plaintiffs' complaint could be amended to seek recovery on a different theory. See *Giordano v. Stubbs,* 129 Ga. App. 283 (199 SE2d 322).

Therefore, by way of restatement, the question now presented is whether after this court reversed the trial court's denial of defendants' motion for summary judgment, but before the remittitur became the judgment of the trial court, the plaintiffs can amend their complaint by alleging a new theory of recovery.

We view this case as one of public gravity and importance since, in our judgment, it deals with the function and efficacy of Georgia's motion for summary judgment and will have an impact on trial practice throughout the State.

We look first to the purpose of the summary judgment provisions of our law as viewed by the two appellate courts of this State in several reported cases of both courts. "The purpose of the Summary Judgment Act. . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). See Code Ann. § 81A-156 (c). In *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580), this court stated: "We believe the Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial, even though the petition fairly bristles with serious allegations, if when given notice and opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail." And, it was noted on p. 304 of the opinion that, "In this case the petitioner had his choice of producing counter-proof and thus make an issue of fact, or do nothing, that is, create no issue of fact and suffer judgment." In *Standard*

*Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574, 575 (136 SE2d 505), the Court of Appeals observed that: "The trial court's function in ruling on a motion for summary judgment is analogous to the function it performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts."

Code Ann. § 81A-156 (e) provides in part that "When a motion for summary judgment is made . . ., an adverse party may not rest . . . [on] his pleading, but his reponse . . . *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him." (Emphasis supplied).

It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full. *Crutcher v. Crawford Land Co.,* supra; *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (115 SE2d 374). A party against whom summary judgment has been granted is in the same position as if he suffered a verdict against him. *Chandler v. Gately,* 119 Ga. App. 513, 522 (167 SE2d 697); *McKnight v. Guffin,* 118 Ga. App. 168 (1) (162 SE2d 743); *Dykes v. Hammock,* 116 Ga. App. 389 (1) (157 SE2d 524); *Montgomery v. Pickle,* 108 Ga. App. 272 (3) (132 SE2d 818); *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193). Thus, it is evident that an adjudication on summary judgment is an adjudication on the merits of the case. See *Pickett v. Paine,* 230 Ga. 786, 797 (199 SE2d 223).

Prior cases of this court dealing with amendment of the pleadings, and the distinction made when a general demurrer was overruled rather than denied, do not require a similar holding in this summary judgment case. For example, in *Sammons v. Tingle,* 216 Ga. 814 (120 SE2d 124), this court observed that a decision upon one state of facts is not binding upon another state of facts and an amendment to the pleadings was held to be properly allowed after reversal on appeal of a trial court's overruling of a general demurrer before the appeal remittitur was entered in the trial court.[1] But, as seen from the case itself,

---

[1] Prior to 1968, Georgia practice permitted a very liberal right of amendment to the pleadings, the genesis of which is apparently to be found in Ga. L. 1853-54, pp. 48-49, authorizing amendment

summary judgment was not involved there and new facts were alleged in the amendment. That case, like *Sanders v. Alpha Gamma Alumni Chapter,* 107 Ga. App. 403 (130 SE2d 255), was decided under the former demurrer practice in Georgia and dealt basically with the sufficiency of the pleadings to state a cause of action. The same is true of *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400), where this court noted that a ruling on a motion for summary judgment does not determine the sufficiency of the petition to state a cause of action. Such terminology is simply not applicable since the advent of the Civil Practice Act which abolished causes of action wherein the case had to be set forth fully in the pleadings. Under the concept of notice pleading, now used in Georgia practice, a complaint will be sustained against a motion to dismiss for failure to state a claim so long as the complaint admits of any conceivable set of facts which would support a recovery. *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (2) (164 SE2d 246). However, once the issues are narrowed for trial, the complaint stands only upon those facts adduced at trial by the plaintiff, and once a verdict is returned or a motion for directed verdict is sustained, it is too late to amend even pending remittitur. *Land Development Corp. v. Union Trust Co.,* 180 Ga. 785, 791 (180 SE 836); *United States v. Hatcher,* 185 Ga. 816 (1) (196 SE 773).

In the present case, plaintiffs restyled their original complaint, framed according to a civil conspiracy theory of recovery, to conform to a different theory of recovery based on tortious interference with rescue of property. This second theory of recovery, if it exists at all, was ascertainable under the original complaint as amended. Under our practice of notice pleading, the plaintiff has the benefit of any theory of recovery which can be gleaned from his complaint. Accordingly, restyling the complaint in terms of a theory of recovery ascertainable in the original case did not cause the case to survive the prior adjudication on the merits.

---

"in any stage of the cause as (a) matter of right," in form or substance. See, *Walker v. Cook,* 17 Ga. 126 (1854). However, as amended in 1968, Code Ann. § 81A-115 (a) now provides that amendments (except to conform to the evidence) are permitted, after the entry of a pretrial order, only by leave of court or by written consent of the adverse party.

Appellees argue, however, that it should be remembered no summary judgment was ever entered in the case and therefore their fourth amendment was authorized because the theory of recovery sought under it has not been adjudicated. This would be a good argument except for the statutory burden which rested upon plaintiffs, in resisting defendants' motion for summary judgment, to produce whatever viable theory of recovery they might have or run the risk of an adjudication on the merits of their case. "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment." *Perry v. McLendon,* 62 Ga. 598, 604.

When viewed in proper perspective under present practice in Georgia, summary judgment under our law is just what the name implies. It is an abbreviated trial, but of no less importance than any other trial on the merits of the case. One must prepare for a summary judgment hearing with the same thoroughness and expectation of finality one must contemplate for any trial. We cannot authorize these plaintiffs to launch a new lawsuit through amendment after our final decision on summary judgment any more than we can permit a defendant to employ a new defense following a ruling on summary judgment in favor of the plaintiff as to liability. As said by the court in Hart v. Knox County, 79 FSupp. 654 (E. D. Tenn. 1948): "Plaintiffs would shift their ground and try a new theory of recovery. The effect of the amendment they propose would be not to conform the pleadings to a judgment they have won, but to jeopardize and perhaps to overthrow a judgment they have lost. It is a prime purpose of [the law] to avoid the necessity of new trials because of procedural irregularities, not to set judgments aside and make new trials necessary. If this latter application of the rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one. Courts draw the dividing line between this use of amendment and those uses aimed at conformity." See also Trantham v. Canal Ins. Co., 117 FSupp. 241, 247, affirmed 220 F2d 752 (6th Cir. 1955) where the Federal District Court found for the plaintiff on the merits and refused defendant leave to amend, holding that defendant's proposed counterclaim "is nothing more than a device calculated to force a new trial of the case, the next one under a new theory of defense which, if

successful, would in effect defeat recovery heretofore won by the plaintiff."

What was said by this court in *Gay v. Crockett*, 219 Ga. 248 (132 SE2d 673) is relevant here. In that case, a plea in abatement filed by the defendant was overruled by the trial court but reversed on appeal. Upon receipt of the remittitur the trial court conducted another hearing on the plea and based on that hearing overruled it again. This court reversed on appeal and held in Division 2 of the opinion as follows: "Code § 6-1804 declares that a decision of this court shall be certified under the seal of this court to the court below 'and shall be respected, and in good faith carried into full effect, by the court below.' When the remittitur from this court on the case's former appearance here reached the trial court, the only action under our decision and judgment that the court below could take was to make the judgment of this court the judgment of the trial court and to enter an order sustaining the plea in abatement. The trial court was without power or authority to enter the judgment under review. *Holbrook v. Adams*, 116 Ga. 871 (1) (144 SE 657)." *Gay v. Crockett*, 219 Ga. 248, 250, supra. See Code Ann. § 81A-160 (h). Plaintiffs in this case cannot now be heard to complain that the merits of the case they selected were not adjudicated in the previous appeal when this court held that these defendants owed no duty toward plaintiffs. See *Summer-Minter & Assoc. v. Giordano*, 228 Ga. 86, 89 (184 SE2d 152). When this court passed on the motion for summary judgment it had before it the factual and legal issues involved in the case. Therefore, our prior decision became binding on the trial court with respect to all issues in the case. See *Hutchinson v. Perlis*, 219 Ga. 291 (133 SE2d 18); *King v. Simmons*, 110 Ga. App. 494 (138 SE2d 919); *Rahal v. Titus*, 110 Ga. App. 122 (138 SE2d 68).

The judgment of the Court of Appeals is reversed with direction that upon receipt of the remittitur by the trial court a judgment be entered in favor of the appellants in certiorari.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1973 — DECIDED JANUARY 28, 1973.

*Manning, Read & Richardson, Curtis R. Richardson,* for appellants.

*Haas, Holland, Levison & Gibert, Hugh W. Gibert,* for appellees.

*Claude E. Hambrick,* amicus curiae.