28483. ANSLEY et al. v. ATLANTA SUBURBIA ESTATES, LTD.

INGRAM, Justice. Appellants were defendants in the trial court in a complaint filed by the appellee-plaintiff for specific performance of a written contract to purchase land. The defendants, as the sellers or successors in interest, moved for summary judgment which was denied by the trial court but

certified for review. On appeal to this court, the judgment was reversed. *Ansley v. Atlanta Suburbia Estates,* 230 Ga. 630 (198 SE2d 319). Before the remittitur in the appeal was entered in the trial court, plaintiffs amended their complaint and added a second amendment after the remittitur was filed. The trial court first entered an order, reciting that the denial of defendants' motion for summary judgment having been reversed on appeal, judgment was rendered for defendants. Subsequently, however, the trial court vacated this order and later entered an order overruling defendants' motion to strike and dismiss plaintiff's amendment, and holding that the decision of this court on the first appeal was not a final determination binding on the trial court. The trial court certified this order for immediate review and this is the order to be considered in the present appeal.

Our decision in this case is controlled by the judgment rendered today in a case involving the identical legal issue with regard to the right of a party to amend following reversal on appeal of a trial court's order overruling a motion for summary judgment. In *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, we determined that summary judgment is a decision upon the merits of the case, and once a final ruling is made on a motion for summary judgment all issues respecting the motion have been adjudicated. The plaintiff here was obligated to assert, in resisting defendants' motion for summary judgment, every theory of recovery available in the case before this court determined that summary judgment should have been granted. The ruling by this court in the prior appeal was binding in all subsequent proceedings in this case in the trial court. Code Ann. §§ 81A-160 (h) and 6-1804. *Summer-Minter & Assoc. v. Giordano,* supra.

Accordingly, the judgment of the trial court is reversed with direction that judgment be entered in favor of the appellants.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 16, 1974 — DECIDED JANUARY 28, 1974.

*Claude E. Hambrick,* for appellants.

*Capes & Tarver, P. Russell Tarver, Segraves & Zachary, J. Ed Segraves,* for appellee.