### 53668. ELLINGTON v. TOLAR CONSTRUCTION COMPANY et al.

ARGUED APRIL 6, 1977 — DECIDED APRIL 18, 1977 —
REHEARING DENIED MAY 6, 1977 —

*Thomas Henry Nickerson,* for appellant.
*Freeman & Hawkins, Joe C. Freeman, Jr., Powell, Goldstein, Fraser & Murphy, Robert W. Patrick, Jerry B. Blackstock,* for appellees.

DEEN, Presiding Judge.

1. The appellant does not attack the substantive merits of the summary judgment granted to the appellee; he does however attack the procedure by which that motion was brought and acted upon by the trial judge. We are cited to *Summer-Minter & Associates v. Giordano,* 231 Ga. 601 (203 SE2d 173) for the proposition that having once made a motion for summary judgment and lost, the appellee is precluded from again making such a motion after an appellate court affirms the denial. "...[S]ummary judgment is a decision upon the merits of the case, and

once a final ruling is made on a motion for summary judgment all issues respecting the motion have been adjudicated. The plaintiff here was obligated to assert, in resisting defendants' motion for summary judgment, every theory of recovery available in the case before this court determined that summary judgment should have been granted. The ruling by this court in the prior appeal was binding in all subsequent proceedings in this case in the trial court. Code Ann. §§ 81A-160 (h) and 6-1804." *Ansley v. Atlanta Suburbia Estates,* 231 Ga. 640, 641 (203 SE2d 861).

Both *Summer-Minter* and *Ansley* are cases wherein the final appellate disposition of the motions for summary judgment was to reverse the trial court's denial thereof and to hold in effect that the moving party was entitled to judgment as a matter of law; it is at that point, an appellate decision that the motion for summary judgment *should have been granted,* that there is a final judgment on the merits and thereafter the losing party may not "go behind" that judgment and amend his pleadings and again make motion for summary judgment. "A party against whom summary judgment *has been granted* is in the same position, as if he suffered a verdict against him." *Summer-Minter,* 231 Ga. 601, 604 supra. (Emphasis supplied.)

In this appeal we do not have the same procedural situation found in the cases cited to us by the appellant. Here the final appellate disposition of the prior motion for summary judgment was to affirm the trial court's denial thereof. When the Supreme Court held in *Ellington v. Tolar Construction Co.* that defendant Tolar *was not entitled* to summary judgment there was a finding that under the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" then in the record there remained "genuine issues as to material facts" and that Tolar was not under the evidence then presented "entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c). Thus after the Supreme Court's decision the case returned to the trial court in the exact status it held *before* appellate review, i.e., pending trial for determination of issues of fact; the only "final judgment" when an appellate court *affirms the*

*denial* of summary judgment is that under the evidence of the record at that point there can be no judgment for the moving party as a matter of law. This situation is quite different from *Summer-Minter* and *Ansley* wherein the final appellate disposition was to grant to the moving party a *judgment in his favor* and to render in effect a *verdict against* the adverse party. *Granting* a summary judgment is a decision on the *merits* and ends the case; amendments and subsequent motions for summary judgment made *after* this decision on the merits are too late. *Denial* of a motion for summary judgment decides *nothing* except that under the evidence before the court at that time there can be rendered no judgment as a matter of law.

Were we to accept Ellington's argument that the affirmance on appeal of the *denial* of Tolar's original motion for summary judgment was in effect the *granting* of a motion for summary judgment in his behalf, the CPA would be turned on its ear. Under Code Ann. § 81A-115 (a) pleadings may be amended under specified circumstances and under prescribed procedures; this mandate was followed here. Under Code Ann. § 81A-156 a party against whom a claim is asserted may move at any time for summary judgment and it shall be granted if under the expanded record, including the pleadings, the moving party is entitled to a judgment as a matter of law. Under the federal rules which are analogous to our own CPA the previous denial of summary judgment does not preclude a subsequent granting thereof on the basis of an expanded record. Brownfield v. Landon, 307 F2d 389, cert. den., 83 SC 291. We now consider the issue well-settled in Georgia. See generally, *Keller Building Products v. Young,* 137 Ga. App. 682, 684 (1a) (224 SE2d 815) and cits.

2. The appellant's objections to the appellee's affidavits and evidence before the trial judge in his consideration of the motion are without merit. Code Ann. §§ 81A-115 (c), 81A-156 (e), 81A-143 (c), 38-112.

3. The grant of summary judgment was proper. *Wardell v. Richmond Screw &c. Co.,* 133 Ga. App. 378 (210 SE2d 854).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ON MOTION FOR REHEARING.

The plaintiff-appellant, Ellington, brought suit against the appellee-Tolar, the general contractor; the appellee-Diamond Roofing, the subcontractor, was brought into the suit by Tolar on a contract of indemnity. Diamond Roofing, as third party defendant, had the right to assert against the plaintiff any defenses which Tolar, the third party plaintiff, had to the claim. Code Ann. § 81A-114 (a). Therefore Diamond Roofing moved for summary judgment on the theory that Tolar was a "statutory employer" under South Carolina workmen's compensation law, that under that statute the plaintiff-appellant's exclusive remedy against Tolar was workmen's compensation, and that the plaintiff-appellant being barred from a common law recovery against Tolar, Diamond Roofing, as third party defendant should be granted summary judgment; in support of its motion, Diamond Roofing submitted the affidavit of its president to the effect that it (Diamond Roofing) had "more than fifteen (15) employees" under the applicable South Carolina law and a copy of the contract between Tolar and itself. In light of Diamond Roofing's status as a third party defendant it is apparent that its claim of "more than fifteen employees" goes to Tolar's status as a "statutory employer" under South Carolina workmen's compensation; under the law of that state the employees of the subcontractor (Diamond Roofing) are deemed "statutory employees" of the general contractor (Tolar). Corollo v. S. S. Kresge Co., 456 F2d 306 (4th Cir. 1972). If the plaintiff were a "statutory employee" of Tolar, he would have no common law right of recovery against the general contractor and therefore Diamond Roofing, the third party defendant, sought summary judgment.

The plaintiff filed his own affidavit in opposition to Diamond Roofing's motion, alleging "Diamond Roofing, Inc. did not employ in service more than fifteen (15) employees"; he further moved the court to compel Diamond Roofing to provide more specifics about the employees it claimed.

A short time later Tolar (the general contractor,

defendant and third party plaintiff) moved for its own summary judgment on the same grounds as urged by Diamond Roofing (that South Carolina workmen's compensation was the plaintiff's exclusive remedy against it, the general contractor) and in support attached a copy of the Diamond Roofing affidavit claiming the statutory fifteen employees; again the theory was that the subcontractor's employees were under South Carolina law the "statutory employees" of the general contractor and that apparently pretermitting its. (Tolar's) own number of employees, the number of employees of Diamond Roofing made it (Tolar) a "statutory employer."

The questions presented on these motions for summary judgment were complicated and confusing. Honed to its essence, the issue was what was the applicable South Carolina law and under the evidence was that law, as found, fatally determinative of the plaintiff's action against Tolar. There is no doubt that under our conflicts law, it is the law of South Carolina, the site of the accident, which controls here. *Ohio Southern Exp. Co. v. Beeler,* 110 Ga. App. 867, 868 (140 SE2d 235). Under Code Ann. § 81A-143 (c) the trial judge was authorized to consider any relevant material or source in determining such law; objections to certain materials in the record as to South Carolina law are without merit. Likewise, it is apparent that the trial judge found the law of South Carolina to have been at the time in question that a "statutory employer" for workmen's compensation purposes was one who employed "fifteen or more" (not "more than fifteen"). S. C. Code §§ 72-12, 72-13, 72-107 (2). This determination was correct and a proper ruling on a question of law. Code Ann. § 81A-143 (c). If South Carolina workmen's compensation is applicable its remedy is exclusive and the grant of summary judgment was proper. S. C. Code § 72-121. The problem is that South Carolina workmen's compensation law applies only if the defendant (Tolar) has fifteen or more employees. Having correctly found what the law of South Carolina *is,* was the trial judge properly granting summary judgment on the theory that under the evidence before him that law was *applicable?* Or does there remain a question of material fact — whether Tolar indeed had the requisite fifteen

employees so as to make it a "statutory employer" so as to make South Carolina law controlling?

The only issue was whether Tolar was a "statutory employer" under South Carolina law. Tolar originally claimed the requisite fifteen employees through reliance on the affidavit of Diamond Roofing (the subcontractor) claiming that number as was proper under South Carolina law; the plaintiff urges he controverted this affidavit by alleging Diamond Roofing did not have "more than" fifteen employees. Ignoring the question whether this was sufficient to create an issue of law (South Carolina law requiring "fifteen or more" and the plaintiff's affidavit alleging not "more than" fifteen), we believe the grant of summary judgment was proper. At the hearing on the motion the trial judge "further inquired into the factual basis" of Diamond Roofing's affidavit. Code Ann. § 81A-143 (b); he further accepted supplemental affidavits from both Diamond Roofing and Tolar on the question of Tolar's number of employees. Tolar by affidavit listed twenty-three names and addresses of its employees, all different from those claimed by the subcontractor's affidavit. Accepting supplemental affidavits was a proper procedure under Code Ann. § 81A-156 (e); the information presented therein was exactly that requested by the plaintiff when he originally filed his affidavit in opposition to the motion. The plaintiff did not respond to these affidavits: nor did he move under Code Ann. § 81A-156 (f) for a continuance or discovery in order to so respond.

Thus the evidence before the trial judge was that the accident happened in South Carolina; that the plaintiff's exclusive remedy under South Carolina law was workmen's compensation if Tolar were a "statutory employer" under that law; and that by unrebutted affidavit Tolar had in its employ fifteen employees at the time in question different from those claimed by Diamond Roofing, the subcontractor. On this evidence, the trial judge properly found the plaintiff had failed to rebut Tolar's prima facie showing of its right to summary judgment even though the number of Diamond Roofing's own employees may have been in controversy. What must be in issue is a material question of fact, i.e., whether or

not Tolar was a "statutory employer."

The grant of summary judgment to Tolar was proper. *Wardell v. Richmond Screw &c. Co.,* 133 Ga. App. 378 (210 SE2d 854). The grant of summary judgment to Diamond Roofing, the third party defendant, whose liability would be secondary to Tolar's, was likewise proper. Code Ann. § 81A-114 (a).

*Motion for rehearing denied.*