A01A1235. CROWN ANDERSEN, INC. et al. v. GEORGIA GULF CORPORATION.
(554 SE2d 518)

MILLER, Judge.

The trial court granted summary judgment to defendant on plaintiffs' claim for slander per se. The first question on appeal is whether the trial court's findings in an earlier order denying summary judgment to plaintiffs precluded the court from granting defendant's later motion for summary judgment. We hold that the initial findings did not preclude the subsequent judgment. The second question is whether statements about the failure of a particular boiler (purchased by defendant and installed by plaintiffs) to perform properly can constitute slander per se under OCGA § 51-5-4 (a) (3). As we hold they cannot, we affirm the grant of summary judgment to defendant.

Andersen 2000, Inc. installed a waste boiler for Georgia Gulf Corporation, with which both Andersen 2000 and Georgia Gulf were dissatisfied. Andersen 2000 sued the boiler manufacturer in Louisiana for damages, and in turn Georgia Gulf sued Andersen 2000, also in Louisiana, for damages. A reporter for a business magazine telephoned Georgia Gulf for information for an article on Crown Andersen, Inc., the parent company of Andersen 2000, and inquired about

the Georgia Gulf lawsuit. A spokesman for Georgia Gulf told the reporter, "What we are claiming is [the boiler] never performed up to the specifications listed. It doesn't entirely combust the material."

When these statements were published in the business magazine, Crown Andersen and Andersen 2000 sued Georgia Gulf in the State of Georgia for slander per se. Plaintiffs moved for partial summary judgment on liability, which the court denied. Georgia Gulf then moved for summary judgment, arguing for the first time that the statements pertained only to a single instance or transaction and thus could not constitute slander per se under OCGA § 51-5-4 (a) (3).[1] The court agreed and granted Georgia Gulf summary judgment, which plaintiffs appeal.

1. Plaintiffs first argue that in denying their earlier motion for summary judgment, the court found that the statements were slander per se, and that this finding precluded the court from reaching a different conclusion when ruling on Georgia Gulf's motion for summary judgment. Plaintiffs argue further that Georgia Gulf's decision not to raise the "single instance" argument when opposing plaintiffs' motion for summary judgment precluded Georgia Gulf from using the argument in its later motion for summary judgment. Both of plaintiffs' arguments are without merit.

(a) In support of their earlier motion for partial summary judgment, plaintiffs argued that Georgia Gulf was liable as a matter of law in that the statements indisputably were slander per se under OCGA § 51-5-4 (a) (3). *Palombi v. Frito-Lay, Inc.*[2] held that under OCGA § 51-5-4 (a) (3), slander per se is a false statement against the plaintiff in reference to his trade, office, or profession, calculated to injure him therein.

In opposing summary judgment, Georgia Gulf chose not to argue the "single instance" test,[3] but instead decided to simplify its argument by focusing on the evidence showing a dispute as to whether the statements were false. In its order on the motion, the court noted that although the statements had a negative connotation to the average reader, the disputed evidence regarding the statements' truth or falsity precluded summary judgment to plaintiffs.

Although plaintiffs obviously lost this motion, they argue that the order *granted* them partial summary judgment "by finding the statements in question to be slanderous per se. . . ." Specifically, plaintiffs interpret the court's opinion that the statements were negative as a binding legal conclusion in their favor that the statements

---

[1] See *Holder Constr. Co. v. Ed Smith & Sons, Inc.*, 124 Ga. App. 89, 90-92 (2) (182 SE2d 919) (1971).

[2] 241 Ga. App. 154, 155 (1) (526 SE2d 375) (1999).

[3] Cf. *Holder Constr. Co.*, supra, 124 Ga. App. at 91 (2).

were slanderous per se. The trial court, however, expressly told the parties that such was not the intent of its order. Indeed, in a later order on a related issue, the trial court noted as background that "Plaintiff[s'] Motion for summary judgment on slander was denied because the Court found genuine issues of material fact on whether Defendant's statements constituted slander."

We agree with the trial court's interpretation of its own order. Although the trial court referred to the statements as having a negative connotation to the average reader, it did not conclude that the statements were false, were a charge against plaintiffs in reference to their trade, and were calculated to injure plaintiffs in that trade. Thus, the court did not find the statements to be slander per se. Rather, finding disputed issues of fact as to the statements' falsity, the trial court went no further and simply denied plaintiffs' motion for partial summary judgment. Plaintiffs' efforts to read more into the order, especially in light of the court's own comments on its order, are unavailing.[4]

(b) Citing *Summer-Minter & Assoc. v. Giordano*,[5] plaintiffs argue that Georgia Gulf's failure to raise the "single instance" test in opposing their motion for partial summary judgment waived its right to argue the issue in its subsequent motion for summary judgment. Plaintiffs misinterpret *Summer-Minter.* In that case, after the appellate court ordered that summary judgment be granted to defendants, plaintiffs sought to amend their complaint to recast their cause of action.[6] The Supreme Court of Georgia held that this was too late, as plaintiffs had the obligation to present their case in full in opposing the summary judgment motion or run the risk of an adjudication against them.[7]

Under this rationale, if the court here had granted plaintiffs' motion and entered partial summary judgment that Georgia Gulf was liable as a matter of law, then in an appeal of that order, we would not have considered arguments on liability not argued by Georgia Gulf below. Here, however, we have just the opposite. Georgia Gulf did not *lose* the plaintiffs' motion for summary judgment; rather it *won.* The court *denied* plaintiffs' motion; it did not *grant* the motion. Denying a motion for summary judgment decides nothing

---

[4] Even if the trial court's order could be interpreted as holding the statements to be slander per se, that would not have precluded the court during the pendency of the case from later changing its mind. Since an order denying summary judgment is interlocutory, the court in a later order had the power to reach a different conclusion and to hold the statements were not slander per se. See *Wade v. Whalen*, 232 Ga. App. 765, 769 (3) (504 SE2d 456) (1998); see generally OCGA § 9-11-60 (h).

[5] 231 Ga. 601 (203 SE2d 173) (1974).

[6] Id. at 602.

[7] Id. at 604-606.

except that under the evidence before the court at that time, judgment was not appropriate on a summary basis.[8] Although Georgia Gulf ran the risk of adverse final adjudication by not raising all of its arguments, its strategic decision to utilize only one of the arrows in its quiver did not preclude it from having other arrows available for later use, where the chosen arrow fatally wounded plaintiffs' motion.

Thus, we hold that neither the court's findings in its order denying plaintiffs' motion for summary judgment nor Georgia Gulf's decision to argue only the truth of the statements at issue precluded the court from granting summary judgment based on the later-argued "single instance" test.

2. Plaintiffs' second enumeration challenges the court's legal conclusion that under the "single instance" test, summary judgment was appropriate here. We agree with the trial court and affirm.

Under *Holder Constr. Co. v. Ed Smith & Sons, Inc.*,[9] slander per se under OCGA § 51-5-4 (a) (3) is not shown where the statements at issue pertain only to a single instance. "[L]anguage imputing to a business or professional man ignorance or mistake on a single occasion and not accusing him of general ignorance or lack of skill is not actionable per se."[10] This is because "a charge that plaintiff in a single instance was guilty of a mistake, impropriety or other unprofessional conduct does not imply that he is generally unfit."[11] Thus, the letter in *Holder Constr. Co.* accusing plaintiff of failing to inquire into the hazards of blasting in a particular area (leading to a damaged water line) could not constitute libel per se, for it imputed mere negligence to plaintiff as to a single transaction and was therefore insufficient to impute gross negligence or unskillfulness generally in the trade.[12]

Here we have a similar charge. Georgia Gulf's statements about its particular boiler failing to meet specifications and failing to entirely combust the material pertain to a single piece of equipment installed by plaintiffs and thus are a comment about a single instance or transaction that does not impute gross negligence or unskillfulness or reflect generally on plaintiffs' skill in the trade. We hold the trial court did not err in granting summary judgment on this ground.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

[8] *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218, 221 (1) (235 SE2d 729) (1977).
[9] Supra, 124 Ga. App. at 91 (2).
[10] Id.
[11] (Citations and punctuation omitted.) Id.
[12] Id. at 92 (2).

DECIDED AUGUST 24, 2001 —
RECONSIDERATION DENIED SEPTEMBER 14, 2001 — 

*Decker & Hallman, Richard P. Decker, David H. Woodham, Jr.,* for appellants.

*Morris, Manning & Martin, Donald A. Loft, Robert P. Alpert,* for appellee.

