S06A0862. GEORGIA DEPARTMENT OF CORRECTIONS et al.
v. CHATHAM COUNTY.
(635 SE2d 718)

BENHAM, Justice.

This appeal involves a dispute regarding reimbursement of Chatham County for the expense of housing state prisoners in the county's jail. The County sued the Department of Corrections and the Board of Pardons and Paroles (hereinafter collectively "DOC"), alleging various claims and seeking a declaration that OCGA §§ 42-9-49 and 42-5-51 (c), the statutory provisions controlling reimbursement, are unconstitutional. The trial court dismissed the complaint as to all issues except the constitutional challenges to the statutes. After cross-motions for summary judgments regarding those challenges were denied, the Court of Appeals permitted interlocutory appeal of the denial of the defendants' motion for summary judgment. In *Ga. Dept. of Corrections v. Chatham County,* 274 Ga. App. 865 (2) (619 SE2d 373) (2005), the Court of Appeals noted that the trial court had impliedly rejected the constitutional challenge by denying Chatham County's motion for summary judgment, but declined to adjudicate the constitutional challenges or transfer the appeal to this Court for adjudication.[1] The Court of Appeals went on to hold that since there was no dispute the defendants had complied with the challenged statutes, the trial court should have granted the defendants summary judgment. On return of the remittitur to the trial court, however, Chatham County moved for summary judgment on the

---

[1] Neither party to the appeal in the Court of Appeals sought review of that decision by this Court. We have, therefore, not reviewed that decision and do not express in this opinion approval or disapproval of it, but rely solely on the fact the holding exists.

constitutional challenge and the trial court granted the motion, holding the statutes unconstitutional. This appeal is from that judgment.

In *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 607 (203 SE2d 173) (1974), this Court held the only action a trial court could take when the remittitur from this Court arrived was to make the judgment of this Court the judgment of the trial court, and directed the trial court to enter judgment accordingly. In the first appellate appearance of the present case, the Court of Appeals reversed the denial of summary judgment to the defendants and ruled that their "motion for summary judgment should have been granted." *Ga. Dept. of Corrections v. Chatham County*, supra, 274 Ga. App. at 868. Thus, the only action the trial court was authorized to take following the return of the remittitur from the Court of Appeals was to enter summary judgment for the DOC. *Summer-Minter & Assoc. v. Giordano*, supra, 231 Ga. at 607. The County raises several arguments in an effort to avoid the effect of *Summer-Minter & Assoc. v. Giordano*, supra, but all those arguments have the same fatal flaw: they ignore the holding of the Court of Appeals that the trial court should have granted summary judgment to the DOC. As we did under similar circumstances in *Ansley v. Atlanta Suburbia Estates, Ltd.*, 231 Ga. 640 (203 SE2d 861) (1974), we reverse the trial court's grant of summary judgment to Chatham County with direction that judgment be entered in favor of the appellants/defendants.

*Judgment reversed with direction. All the Justices concur.*

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Thurbert E. Baker, Attorney General, William W. Banks, Jr., John B. Ballard, Jr., Assistant Attorneys General*, for appellants.

*R. Jonathan Hart, Emily E. Garrard, Steven E. Scheer*, for appellee.

*Overtis H. Brantley, Willie J. Lovett, Jr., Rolesia B. Dancy, Sandreea L. Woods, Walker, Hubert, Gray, Byrd & Christy, Charles W. Byrd, Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans, Cheryl H. Kelley*, amici curiae.